IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 mj 59

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| MICHAEL E. BALLEW, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE came on to be heard before the undersigned upon a Violation Report (#9) filed in the above entitled cause by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared Defendant was present with his counsel, Rich Cassady, and the Government was present through Assistant United States Attorney, Richard Edwards. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, denied the allegation contained in the Violation Report. The Government introduced, without objection, the Violation Report into evidence.

1

Defendant was charged in a bill of information (#1) filed on October 29, 2013 with excavating, removing, damaging, or otherwise altering or defacing archaeological resources located upon public lands in violation of 16 U.S.C. § 470ee(a) and 470ee(d). On October 31, 2013 Defendant entered a plea of guilty. After the plea of guilty, this Court released Defendant on terms and conditions of presentence release (#5). The terms and condition of release included the following:

(1) The defendant must not violate any federal, state or local law while on release.

(8)(w) Defendant may possess a firearm for the purposes of hunting only. Firearms, destructive devices or other dangerous weapons are to be store at the home of Mr. & Mrs. Canipe. After hunting, weapons to be returned to the Canipe home.

Testimony was presented by the Government through Mark Letterman, a detective with the Yancey County Sheriff's Office. Det. Letterman testified that he was contacted by Shirley McFadyen on or about January 14, 2014 in regard to the Defendant allegedly stealing two Remington rifles and a Horton crossbow from Shirley Black McFadyen. From the investigation by Det. Letterman, it appears that Mrs. McFadyen was separated from her husband. During the separation, Mrs.

McFadyen developed a romantic relationship with the Defendant. Beginning in September of 2013, Mrs. McFadyen began staying in the Defendant's dwelling place during the weekends. She brought with her to this residence two Remington rifles and a Horton crossbow. In December 2013, the Defendant and Mrs. McFadyen terminated their relationship. Thereafter, Mrs. McFadyen discovered that Defendant had taken the two Remington rifles to Cooper's Trading, Inc. in Burnsville, NC for the purpose of trading the two Remington rifles for a stainless steel rifle owned by Cooper's Trading, Inc. When the Defendant attempted to obtain approval for the sale of the stainless steel rifle, the Defendant did not qualify pursuant to Federal Regulations to the purchase of the stainless steel rifle. When the Defendant could not qualify for the purchase of the stainless steel rifle, Mr. Cooper purchased the two Remington rifles from the Defendant at a purchase price of $800. The Government introduced into evidence as Gov.'s Exhibit 2 a receipt showing that Cooper's Trading, Inc. had paid to the Defendant the sum of $800 on December 6, 2013 for two Remington rifles.

Further investigation by Det. Letterman led him to Steve Carroll, who is a friend of the Defendant. Mr. Carroll told Det. Letterman that the Defendant had come to the home of Mr. Carroll and sold to him a Horton Hawk SL Crossbow. Mr. Carroll told Det. Letterman that Defendant was alone when he came to Mr.

Carroll's home with the crossbow. Later, Mr. Carroll called Det. Letterman and told him the Defendant had brought Shirley McFadyen with him and she was with him during the transaction. On January 21, 2014, Det. Letterman sought the issuance of a warrant presenting criminal charges against the Defendant from Magistrate B.G. Hensley, Jr. of the Yancey County, NC Magistrate's Office. On January 24, 2014, a warrant for arrest was issued by Magistrate Hensley charging Defendant with one count of felony larceny in violation of N.C.G.S. 14-72(A) and two counts of obtaining property by false pretense in violation of N.C.G.S. 14-100. A copy of the warrant was introduced into evidence by the Government as Gov.'s Exhibit 1.

The Defendant presented as a witness Mr. Ted Canipe, step-father of Defendant. Mr. Canipe testified that Mrs. McFadyen and the Defendant still had a relationship between them as late as January of 2014. Mr. Canipe further testified that the Defendant had sold the two Remington rifles to Mr. Cooper when he could not trade the rifles for a stainless steel rifle. Mr. Canipe stated that the Defendant had used the $800 from the sale of the two rifles to purchase jewelry for Mrs. McFadyen. Mr. Canipe also testified that Mrs. McFadyen had called Mr. Canipe's home and had left a recorded message in which she stated that she knew the Defendant had not stolen her items and she was making the allegations because she

wanted to see the Defendant arrested and incarcerated.  This alleged recorded message was not introduced into evidence.

**Discussion**.  18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the undersigned finds there is probable cause to believe that the Defendant committed three state felonies while on release.  The evidence clearly shows that Defendant had sold two Remington rifles to Cooper's Trading, Inc. on December 6, 2013 for the sum of $800 and he did not own those firearms.  The evidence further shows there is probable cause to believe that

Defendant sold the Horton Hawk SL Crossbow to Mr. Steve Carroll at a time when he did not own the crossbow.

There has further been shown by clear and convincing evidence that Defendant violated another condition of release that had been issued by the undersigned. The Defendant had been ordered that he could possess firearms or destructive devises for hunting purposes only and when not hunting, the firearms and other items were to be stored at the home of Mr. & Mrs. Ted Canipe. Although not alleged in the Violation Report, the undersigned cannot and will not ignore direct and uncontested evidence that clearly shows that the Defendant violated that term and condition of release. The Defendant was not hunting when he took the two Remington rifles to Cooper Trading, Inc. to try to trade them for a stainless steel rifle, nor was he hunting when he took the Horton Hawk SL Crossbow to Mr. Carroll to sell that item. The undersigned further finds that the crossbow is a destructive devise or dangerous weapon.

Due to the findings made above and further considering the presumption that has been created, pursuant to 18 U.S.C. § 3148(b)(1) and also considering the factors as set forth under 18 U.S.C. § 3142(g) and that due to 18 U.S.C. § 3143(a)(1), it appears there are no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any

other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely the Defendant will abide by any condition or combination of conditions of release.

As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of presentence release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of presentence release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending sentencing and further proceedings in this matter.

Signed: February 11, 2014

Dennis L. Howell
United States Magistrate Judge